```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

  JOSEPH MCADAMS,                    Civ. No. 13-1612

          Petitioner,                OPINION

      v.

  UNITED STATES OF AMERICA,

          Respondent.

APPEARANCES:

Joseph McAdams
05831-050
F.C.I. Fort Dix
P.O. Box 2000
Bldg 5841 2nd Fl
Rm 240-3l Nestside
Joint Base MDL, NJ 08640

   *Petitioner pro se*

Philip R. Sellinger, United States Attorney
Samantha C. Fasanello, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad Street
7th Floor
Newark, NJ 07102

   *Attorneys for Respondent*


HILLMAN, District Judge

     Petitioner Joseph McAdams filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255.  ECF No. 5.  The Honorable Chief Judge Jerome B. Simandle,

D.N.J., denied the motion on April 27, 2015.  ECF No. 33. Petitioner moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 35.  Judge Simandle denied that motion on January 20, 2016.  ECF No. 38.

On July 23, 2018, Petitioner filed the instant motion asking the Court to appoint pro bono counsel and reopen the case under Federal Rule of Civil Procedure 60.  ECF No. 39.  The matter was reassigned to the undersigned following Judge Simandle's passing.  ECF No. 41.  The United States filed opposition to the motion after the Court requested its response. ECF No. 51.  Petitioner filed a reply.  ECF No. 62.

The matter is now fully briefed and ripe for decision.  For the reasons expressed herein, the Court will dismiss the motion for lack of jurisdiction.  No certificate of appealability shall issue.

I.   BACKGROUND

On September 25, 2009, Petitioner pled guilty to a ten-count information charging him with bank robbery, 18 U.S.C. §§ 2113(a), 2113(d) & 2, (Counts One through Ten), and brandishing a loaded firearm in one of the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) & 2 (Count Eleven).  Information, United States v. McAdams, No. 09-cr-737 (D.N.J. Sept. 25, 2009) ("Crim. Case") (ECF No. 12).  The robberies took place between November 12,

2004 and October 9, 2008, and the firearm charge "was predicated on the October 9, 2008 armed robbery charged in Count Ten of the Information." ECF No. 51 at 2 n.2. As part of his plea agreement, Petitioner stipulated to a total Guidelines offense level of 31 and acknowledged that Count Eleven carried a mandatory consecutive seven-year term of imprisonment. Id. at 2.

The Presentence Investigation Report ("PSR") concluded that Petitioner qualified as a career offender based on three predicate offenses: an April 9, 1984 conviction for bank robbery (sentence of 10 years, execution of sentence suspended, five years probation); a December 13, 1985 conviction for armed robbery and unlawful possession of firearms (concurrent sentences of 15 years and 7 years imprisonment); and an April 29, 1985 conviction for bank robbery (sentence of nine years imprisonment). McAdams v. United States, No. 13-1612, 2015 WL 1914631, at *1 (D.N.J. Apr. 27, 2015) (citing U.S.S.G. § 4B1.1.2).

> Although not marked as predicate offenses, the PSR also listed other prior convictions: breaking and entering in March 1977 (sentence of "[i]ndeterminate term, suspended; 3 years probation and $500 fine"); simple assault in August 1978 (fine of $35 plus $25 court costs); robbery while armed and unlawful use of a dangerous weapon, among other charges, in January 1979 (sentence of "[i]ndeterminate term Yardville [Correctional Institution]"); and armed robbery and committing a crime while armed on February 2, 1979

3

(sentence of "[i]ndeterminate term at Yardville").
Id. (alterations in original).

At sentencing on April 15, 2010 the court reduced the 15 criminal history points originally calculated in the PSR to 12, "subtracting three points for the January 1979 robbery, because the conviction was not properly corroborated by documentary evidence. Twelve points qualified Petitioner for Criminal History Category V, but the Court found Petitioner was a career criminal offender, which increased his criminal history category to Category VI." Id. at *2 (internal citations omitted). "The Guidelines recommended a sentence of 272 to 319 months for Offense Level 31 at Criminal History Category VI (including the 84-month mandatory consecutive increase for the § 924(c) violation)." Id. Judge Simandle sentenced Petitioner to 319 months of imprisonment: 235 months for each of the bank robbery charges, to be served concurrently with each other, and 84 months on the firearm charge, to be served consecutively. Judgment of Conviction, Crim. Case No. 19. Petitioner did not file a direct appeal.

Petitioner filed his original § 2255 motion on March 19, 2013, ECF No. 1, and amended his petition on July 19, 2013, ECF No. 5. The amended motion argued that Petitioner's trial "counsel was ineffective for two reasons. First, his counsel

4

failed to convey to him a plea offer with a maximum sentence of 235 months, which he would have accepted, had he known of it. Second, his counsel was ineffective for failing to object to his erroneous classification as a career offender." McAdams, 2015 WL 1914631, at *2. The United States opposed Petitioner's plea agreement claim but conceded that further inquiry was necessary to address Petitioner's criminal history arguments. ECF No. 13.[1] Judge Simandle appointed counsel for Petitioner and conducted an evidentiary hearing on September 25, 2014. ECF No. 31.

Petitioner argued "that he should not have been classified as a career offender because his federal convictions on April 9, 1984, and April 29, 1985 were incorrectly recorded in the PSR as violent robberies, presumably under 18 U.S.C. § 2113(a). Rather, he claims that he was convicted of 'non-violent § 2113(b) robbery' on both occasions." McAdams, 2015 WL 1914631 at *4.

> At the hearing, the Government stated that it was no longer contesting the April 9, 1984 and April 29, 1985 convictions as eligible predicate offenses. Thus, the parties agree that two of Petitioner's prior felony convictions were not eligible to be counted as eligible convictions for career offender status. Petitioner does not dispute that his December 13, 1985 conviction may be considered a predicate offense for career offender purposes.

---

[1] The United States affirmatively waived any timeliness objections to Petitioner's claims. ECF No. 13 at 3.

5

> The question before the Court is whether Petitioner was nonetheless correctly classified as a career offender because he has another prior felony conviction for a crime of violence — armed robbery on February 2, 1979 — that serves as a second prior felony for career offender status purposes. For that 1979 robbery, Petitioner was sentenced to an indeterminate term at "Yardville."

Id. at *5 (internal citations omitted). Petitioner "argued that [his] February 2, 1979 felony conviction did not count as a predicate offense for career offender purposes because [he] did not serve any part of that sentence within the 15-year time period for counting a prior offense."[2] Id. at * 6.

> The Government argues that the February 1979 conviction fell within the 15-year time period because Petitioner was incarcerated on a parole violation on that conviction in 1991 until May 17, 1993. According to the PSR, Petitioner was sentenced on July 6, 1979, and was paroled on June 13, 1980 "with an original maximum date of July 1, 1984." However, Petitioner subsequently committed new offenses and his maximum date was advanced to September 26, 1985. The PSR also notes that on March 6, 1985, a detainer was lodged for violation of his parole on the 1979 offense. The PSR states that Petitioner served a sentence in federal prison from April 29, 1985 to July 22, 1991 and was then turned over to state custody on the detainer. Petitioner remained in state custody from 1991 until May 17, 1993, when he was paroled. The PSR states that Petitioner's maximum date on the February 1979 conviction was ultimately advanced to September 8, 1995.

---

[2] "[A] prior sentence is counted for computing criminal history when it is a sentence of imprisonment 'exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [a] fifteen-year period' within the defendant's commencement of the instant offense." McAdams, 2015 WL 1914631 at *6 (quoting U.S.S.G. § 4A1.2(e)(1)) (second alteration in original).

6

> Petitioner argues that the sentence he served in state prison from 1991 to 1993 was not for violation of parole for his February 1979 conviction. Petitioner notes that the PSR gives May 17, 1993 as the parole date for three separate crimes: the February 1979 offense; a January 24, 1980 offense for robbery in Morris County, New Jersey; and a December 13, 1985 offense for armed robbery in Middlesex County, New Jersey. Petitioner argues that because these three offenses have the same parole date, it is not clear from the face of the PSR whether he was returned to state custody in 1991 on the 1979 parole violation, or whether he was in state custody to serve a sentence for another crime.

Id. at * 7 (internal citations omitted). Richard Turback, the Assistant Chief of the Revocation Unit at the New Jersey State Parole Board, testified on behalf of the United States at the September 25, 2014 hearing. ECF No. 34. Petitioner testified on his own behalf. Id. Judge Simandle denied Petitioner's § 2255 motion on April 27, 2015. ECF No. 33.

> [T]he Court finds no ambiguity in the PSR regarding why Petitioner was in state custody during those years. The PSR notes that although Petitioner was paroled in 1980 for the 1979 conviction, he was charged with a violation of that parole for committing a new bank robbery on August 22, 1983. A detainer was lodged for that violation on March 6, 1985. (PSR ¶¶ 193, 197.) Shortly thereafter, Petitioner entered federal custody to serve a 9-year sentence on a different conviction for bank robbery. At the hearing, Petitioner asserted that he was transferred back to state custody in 1991 to complete his sentence on the 1985 offense in Middlesex County. However, the PSR specifically states that in July 1991, "[f]ollowing the completion of his federal sentence, [the Petitioner] was transferred to the New Jersey state prison system to serve a sentence for parole violation." (PSR ¶ 211 (emphasis added).) According to the PSR, Petitioner was granted parole on the 1979 offense on May 17, 1993. Thus, the PSR shows that Petitioner was incarcerated for violation of parole on the 1979 robbery

7

> conviction between 1991 and 1993, which is within the 15-year time period under § 4A1.2(e)(1), for nine of the ten bank robberies herein which extended from November 12, 2004 through October 9, 2008.  Aside from pointing to the unavailability of records related to his 1979 conviction, Petitioner makes no argument why this information in the PSR is unreliable.  The mere fact that the PSR lists the same parole date for two other offenses does not call into question the fact that he was nonetheless incarcerated on a parole violation from 1991 to 1993 on the 1979 crime.

McAdams, 2015 WL 1914631 at *7 (alterations in original) (footnote omitted).  Judge Simandle declined to issue a certificate of appealability.  ECF No. 33.

In lieu of seeking a certificate of appealability from the Third Circuit, Petitioner filed a Rule 59(e) motion on May 26, 2015 "claiming that 'new' evidence, namely, a printout of his parole records, undisputably shows that he had completed his sentence on the 1979 conviction by August 1989 at the latest.  Thus, . . . that conviction falls outside the 15-year time period specified in U.S.S.G. § 4A1.2(e)(1) [and] should not have been counted as a predicate offense for career offender status."  McAdams v. United States, No. 09-737-001, 2016 WL 240877, at *2 (D.N.J. Jan. 20, 2016).  See ECF No. 35.  Petitioner also moved for the appointment of new pro bono counsel, asserting that his counsel for the evidentiary hearing "failed to adequately investigate and present document evidence affirming McAdam's claim" and did not file a request for a certificate of

appealability with the Third Circuit.  ECF No. 36.

Judge Simandle denied both motions on January 20, 2016. McAdams, 2016 WL 240877; ECF No. 38.  "[A] close inspection of the printout reveals that the information contained within it is not in fact new.  Although it is in a different format, the document contains the exact same incarceration and parole history for his February 1979 offense that was detailed in a letter from Amy Emrich at the New Jersey Department of Corrections, which this Court explicitly considered during McAdams's hearing."  McAdams, 2016 WL 240877, at *3.  "The information in the printout is consistent with all of the other evidence that was presented in this case, and a different outcome is not warranted."  Id. at *5.

After noting "that there is no Sixth Amendment right to appointment of counsel in collateral proceedings, and a petitioner seeking habeas relief has no constitutional right to effective assistance of counsel[,]" Judge Simandle rejected Petitioner's allegations of ineffective assistance.  Id. at *5. "Based on the present record, the Court can find no fault with [counsel's] performance.  There is no indication that counsel's decision not to seek appeal was uninformed, and mere disagreement with legal strategy is not a real allegation of

deficiency." Id. at *7.[3]  Once again, Petitioner did not seek review from the Third Circuit.

On December 19, 2017, Petitioner filed "a motion to clarify" in the Superior Court of New Jersey, Criminal Division, Somerset County.  ECF No. 39-1 at 10.  "If Petitioner can establish that his maximum date on the 1979 Somerset County conviction concluded prior to 1991, than that conviction would not qualify as a predicate offense for the career offender designation and his current federal sentence would be reduced significantly."  Id. at 2-3.

> Petitioner contends the US District Court erroneously interpreted documents provided by NJ Department of corrections and Parole as "suggest[ing] that [he] served time for ... a parole violation on his Somerset County conviction when he re-entered state custody in 1991", and therefore hereby seeks this Court's clarification on his maximum date on the 1979 Somerset County conviction, which, if as he expects results in a finding that the maximum date concluded prior to 1991, will allow him to re-open his federal habeas proceedings and conclusively established that 1979 Somerset County conviction was not a proper predicate for the career offender designation so as to be eligible for a reduction in his current federal sentence.

Id. at 3-4 (alterations and omission in original).  "Defendant is thus seeking to vacate the previous 'indeterminate term at Yardville' sentence, which failed to specify a maximum term, and

---

[3] The Court notes that § 2255 counsel informed Petitioner that he could petition the Third Circuit for a certificate of appealability himself.  ECF No. 36 at 6.

seeks resentencing to a term commensurate to the term he actually served - i.e. five years indeterminate." Id. at 11. The state court considered this a motion to correct an illegal sentence, appointed counsel to represent Petitioner, and held oral argument on April 25, 2018. Id. at 17. On May 3, 2018, the state court granted the motion and issued an amended judgment of conviction stating: "Defendant is sentenced to an indeterminate term at Yardville with a maximum of 5 years." Id. at 24.

Having succeeded in obtaining an amended judgment of conviction from the state court, Petitioner filed this motion asking the Court to appoint him counsel to assist in reopening the § 2255 proceedings on July 23, 2018. ECF No. 39. The United States opposes the motion. ECF No. 51.

II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.' Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022). "Finally, Rule 60(b)(6) provides a

11

catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Id.

"The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." Michael v. Wetzel, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting Gonzalez v. Crosby, 545 U.S. 524, 536 (2005)). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

III. DISCUSSION

There is no Sixth Amendment right to counsel in collateral proceedings. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has discretion to appoint counsel for financially eligible petitioners where "the court determines that the interests of justice so require...." In Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous

12

claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese, 946 F.2d at 263-64.  The Court finds that appointing counsel would not be in the interests of justice because the Court lacks jurisdiction over Petitioner's request to reopen his § 2255 proceedings.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  This requirement is jurisdictional, Lesko v. Sec'y Pennsylvania Dep't of Corr., 34 F.4th 211, 222 (3d Cir. 2022), and "[l]itigants may not circumvent these requirements by disguising a second or successive motion as something else, like a motion under Rule 60(b)." United States v. Tatar, No. 20-3432, 2022 WL 2763699, at *3 (3d Cir. July 15, 2022).  "Indeed, a 'Rule 60(b) motion should be treated as a second or successive § 2255 motion if it challenges the defendant's conviction or sentence rather than a procedural error in the prior § 2255 proceeding.'" Id. (quoting United States v. McKye, 947 F.3d 1293, 1295 (10th Cir. 2020)).

13

However, "'when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not properly construed as advancing a 'claim' and is, therefore, not a second or successive petition." Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) (quoting Gonzalez v. Crosby, 54.5 U. S. 524, 532 (2005)).

Petitioner argues his motion is not an unauthorized second or successive § 2255 motion because "it challenges the manner in which the earlier habeas judgment was procured and not the underlying conviction." ECF No. 62 at 3.

> In dismissing his claim, the Court relied on misinformation provided by the government in the form of misleading and incomplete NJ state records, and misinterpretations of cryptic entries contained in those records, which the government claimed showed he was still on parole for the Somerset conviction until May 1993.
>
> . . .
>
> Based on the incomplete cryptic records and misinterpretations provided by the government, the Court concluded that the Somerset sentence fell within the 15 year time period under§ 4A1.2(e) and denied Petitioner's§ 2255 motion and Rule 59(e) reconsideration motion.
>
> The pleadings filed in the subsequent state court proceedings, together with the state court findings and conclusions, now demonstrate that the incomplete records and misinterpretations provided by the Government in Petitioner's § 2255 and 59(e) case were inadequate to reach the findings made by the Court.

14

ECF No. 39 at 10-11.  He asserts that "[t]hese failures denied Petitioner's Due Process right to a full and fair opportunity to be heard in developing the essential evidence necessary to prove his claims," making the judgments void under Federal Rule of Civil Procedure 60(b)(4).  Id. at 12.

    Despite Petitioner's attempt to frame his arguments as mere procedural challenges, the present motion is "a clear attempt to relitigate his conviction, not a procedural challenge to his previous § 2255 proceeding."  United States v. Tatar, No. 20-3432, 2022 WL 2763699, at *3 (3d Cir. July 15, 2022).  There is no merit to Petitioner's claims of due process violations.  Judge Simandle appointed counsel to represent Petitioner during the evidentiary hearing and "considered numerous briefs and supplemental submissions by both parties in connection with Petitioner's habeas petition, along with all of the underlying evidence in this case."  McAdams, 2016 WL 240877, at *7.  Petitioner could have challenged the sufficiency of the evidence and findings on appeal but elected to seek the amended judgment of conviction instead.

    Petitioner's assertions of a "vague" and "incomplete" record are misleading.  His essential argument is that the amended judgment of conviction contradicts Judge Simandle's interpretation of the record that existed at the time of the

15

hearing.  Failing to consider the amended judgment during the initial proceedings cannot be procedural error because the amended judgment did not exist when the court decided Petitioner's § 2255 and Rule 59(e) motions.  Thus, Petitioner's argument is at its core a claim that new evidence, the amended judgment of conviction, should change the result of his § 2255 motion.

Motions presenting new evidence in support of an already-litigated claim are considered second or successive § 2255 motions and are not properly brought under Rule 60(b).  Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); United States v. Donahue, 733 F. App'x 600, 602-03 (3d Cir. 2018).  While Petitioner makes sound and robust arguments in support of his motion, the unfortunate truth for him is that, because of the procedural posture of this case, this Court lacks jurisdiction to grant him the relief that he seeks.  The Court will not appoint counsel to reopen the § 2255 proceedings because the Court does not have jurisdiction to reopen the proceedings.  Accordingly, the motion will be dismissed for lack of jurisdiction.

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the

16

petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Here, this Court does not find it in the interest of justice to transfer this matter to the Third Circuit because the Third Circuit recently held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." United States v. Folk, 954 F.3d 597, 604 (3d Cir. 2020). Folk is binding on this Court, and it squarely resolves the issue here. Therefore, it does not appear that Petitioner can satisfy the requirements for bringing a second or successive petition under § 2255(h). Nothing in this opinion should be construed as preventing Petitioner from asking permission from the Third Circuit himself should he elect to do so, however.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. To the extent a certificate of appealability is required, the Court declines to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

17

constitutional right." 28 U.S.C. 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct. Accordingly, this Court will decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

V.   CONCLUSION

For the reasons expressed herein, the Court will dismiss Petitioner's motion for lack of jurisdiction.  An accompanying Order shall issue.


August 29, 2022                     s/ Noel L. Hillman
Date                                NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey