**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSEPH MCADAMS,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | Case No. 13–cv–01612–ESK <br><br><br> OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Joseph McAdams's motion for relief filed pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60 Motion). (ECF No. 74.) Petitioner seeks relief from the Court's order that denied his motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255. (ECF No. 33.) Respondent United States did not file any opposition to the Rule 60 Motion. For the following reasons, I will deny the Rule 60 Motion. I decline to issue a certificate of appealability.

### I. FACTS AND PROCEDURAL HISTORY[1]

On September 25, 2009, petitioner pleaded guilty to a ten-count information charging him with bank robbery, 18 U.S.C. §§ 2113(a), 2113(d) & 2, (Counts One through Ten), and brandishing a loaded firearm in one of the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) & 2 (Count Eleven). *United States*

---

[1] Petitioner has challenged his conviction several times over the last decade. I will limit this recitation to the facts relevant to the Rule 60 Motion, but a more complete history may be found in the opinion denying petitioner's motion for reconsideration in *McAdams v. United States*, No. 23-cv-04081 (D.N.J. Oct. 8, 2025) (ECF No. 34.)

*v. McAdams*, No. 09–cr–00737 (D.N.J. Sept. 25, 2009) (Criminal Case) (ECF No. 12.)

The Presentence Investigation Report (Report) concluded that petitioner qualified as a career offender based on three predicate offenses: an April 9, 1984 conviction for bank robbery; a December 13, 1985 conviction for armed robbery and unlawful possession of firearms; and an April 29, 1985 conviction for bank robbery. *McAdams v. United States*, No. 13–cv–01612, 2015 WL 1914631, at *1 (D.N.J. Apr. 27, 2015) (*McAdams I*) (citing U.S.S.G. § 4B1.1). The Report also listed other prior convictions that were not marked as predicate offenses: a March 1977 conviction for breaking and entering; an August 1978 conviction for simple assault; a January 1979 conviction for robbery while armed and unlawful use of a dangerous weapon; and a February 2, 1979 conviction for armed robbery and committing a crime while armed (February 1979 conviction). *Id.* On April 15, 2010, Chief District Judge Jerome B. Simandle sentenced petitioner as a career offender to a term of imprisonment of 235 months on each of Counts One through Ten to be served concurrently with each other, followed by a mandatory consecutive term of 84 months on Count Eleven, for a total term of 319 months. *Id.*; (Criminal Case ECF No. 19.) Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion (First Motion) on March 19, 2013, and an amended motion on July 19, 2013. (ECF No. 5.) As is relevant here, petitioner asserted that his trial "counsel was ineffective for failing to object to his erroneous classification as a career offender." *McAdams I*, 2015 WL 1914631, at *2. Specifically, petitioner asserted that his April 9, 1984 and April 29, 1985 federal convictions were incorrectly recorded in the Report and could not be counted towards his career offender status. *Id.* at *4. The United States conceded that further inquiry was necessary. (ECF No. 13.)

Chief Judge Simandle appointed counsel for Petitioner and conducted an evidentiary hearing on September 25, 2014. (ECF No. 31.)

At the hearing, the United States agreed that petitioner's April 9, 1984, and April 29, 1985 convictions could not be counted as eligible convictions for career offender status. *McAdams I*, 2015 WL 1914631, at *5. However, it argued that petitioner was correctly classified as a career offender due to the February 1979 conviction. *Id.* Petitioner disputed that the February 1979 conviction could count as a predicate offense for career offender purposes because he "did not serve any part of that sentence within the 15-year time period for counting a prior offense."[2] *Id.* Chief Judge Simandle ultimately concluded that the February 1979 conviction counted towards petitioner's career offender status and denied the First Motion on April 27, 2015. *Id.* at *9.

Petitioner did not seek a certificate of appealability from the Third Circuit; instead, he filed a motion for relief under Rule 59(e) "claiming that 'new' evidence, namely, a printout of his parole records, undisputably shows that he had completed his sentence on the [February 1979 conviction] by August 1989 at the latest." *McAdams v. United States*, No. 13–cv–01612, 2016 WL 240877, at *2 (D.N.J. Jan. 20, 2016) (*McAdams II*); (ECF No. 35.) Chief Judge Simandle denied the motion on January 20, 2016. (ECF No. 38.)

On July 23, 2018, petitioner filed a motion to appoint *pro bono* counsel and reopen the proceedings under Federal Rule of Civil Procedure 60. (ECF No. 39.) Petitioner had obtained an amended judgment of conviction for the February 1979 conviction from the state court stating: "Defendant is sentenced

---

[2] "[A] prior sentence is counted for computing criminal history when it is a sentence of imprisonment 'exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [a] fifteen-year period' within the defendant's commencement of the instant offense." *McAdams I*, 2015 WL 1914631 at *6 (quoting U.S.S.G. § 4A1.2(e)(1)) (second alteration in original).

3

to an indeterminate term at Yardville with a maximum of 5 years." (ECF No. 39 p. 24.) District Judge Noel L. Hillman dismissed the motion for lack of jurisdiction because "[m]otions presenting new evidence in support of an already-litigated claim are considered second or successive § 2255 motions and are not properly brought under Rule 60(b)." (ECF No. 67 p. 16.) The Third Circuit denied a certificate of appealability on April 19, 2023. (ECF No. 73.)

Petitioner filed this second Rule 60 Motion on December 1, 2025. (ECF No. 74.)

## II. LEGAL STANDARD

A court may order relief under Rule 60(b)(5) if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo* v. *Inmates of Suffolk County Jail,* 502 U.S. 367, 384 (1992)).

"The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 536.

### III. DISCUSSION

Motions pursuant to Rule 60(b)(5) and (b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). I conclude that petitioner's Rule 60 Motion has not been made within a reasonable time. Chief Judge Simandle denied the First Motion on April 27, 2015, *McAdams I*, 2015 WL 1914631, at *9, and petitioner's motion for reconsideration on January 20, 2016, *McAdams II*, 2016 WL 240877, at *2. Judge Hillman dismissed petitioner's prior Rule 60 motion for lack of jurisdiction on August 29, 2022. (ECF No. 68.) The Third Circuit denied a certificate of appealability on April 19, 2023. (ECF No. 73.) This Rule 60 Motion was filed nearly a decade after the original judgment and only after petitioner failed to obtain relief in his other § 2255 proceedings. *See generally McAdams v. United States*, No. 23-cv-04081 (D.N.J. Oct. 8, 2025). Accordingly, I will deny the Rule 60 Motion as untimely.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To the extent a certificate of appealability is required, I decline to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I decline to issue a certificate of appealability because jurists of reason would agree that the Rule 60 Motion is untimely.

## V.   CONCLUSION

For the reasons stated above, I will deny the Rule 60 Motion. No certificate of appealability shall issue.   An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated:  January 7, 2026